CAMPBELL, Chief Judge.
This appeal is the result of an action below for an accounting and for alleged damages resulting from the sale of a corporation. Appellant and appellee are brothers and were the sole stockholders of the corporation.
We do not find it necessary to the jurisprudence of this state or an understanding of our conclusions by the parties or the trial judge to engage in lengthy recitation of the facts or the progress of the case below. It is sufficient to state that the trial judge properly determined that appellant was entitled to one-third of the net proceeds from the sale of the corporation received by appellee on behalf of both par *1306 ties at the closing of the sale. We find that the evidence supports the finding of the trial court that appellant was not entitled to any share of the sale proceeds for the noncompete clause and affirm the trial court in that regard.
We also affirm the trial court’s findings as to the calculation of the amounts that appellant was entitled to as his one-third of the net proceeds of the remainder of the compensation for the sale. The sole error that we perceive was made by the trial court was the calculation of the amount appellant was due from deferred payments appellee had received on behalf of the parties. Part of the compensation for the sale was a $90,000 note payable in 120 monthly installments of $1,291.33, representing principal and interest on that note. Appellant should have been awarded one-third of each payment of principal and interest ap-pellee had received through the date of the final judgment, together with one-third of the principal remaining due after the date of the final judgment, plus interest from the date of the final judgment.
We therefore reverse and remand for a recalculation of the amounts due appellant based upon these conclusions.
RYDER and SCHOONOVER, JJ., concur.